**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ------------------------------------------------------------x | : | **Chapter 11** |
| **In re** | : | |
| | : | **Case No. 15-11520 (____)** |
| **MILAGRO HOLDINGS, LLC,** | : | |
| | : | |
| Debtor. | : | |
| | : | |
| **Employer Tax I.D. No. 26-1307232** | : | |
| ------------------------------------------------------------x | | |
| | : | |
| **In re** | : | |
| | : | **Chapter 11** |
| **MILAGRO OIL & GAS, INC.,** | : | |
| | : | **Case No. 15-11521 (____)** |
| Debtor. | : | |
| | : | |
| **Employer Tax I.D. No. 26-1307173** | : | |
| ------------------------------------------------------------x | | |
| | : | |
| **In re** | : | **Chapter 11** |
| | : | |
| **MILAGRO EXPLORATION, LLC,** | : | **Case No. 15-11522 (____)** |
| | : | |
| Debtor. | : | |
| | : | |
| **Employer Tax I.D. No. 26-1309260** | : | |
| ------------------------------------------------------------x | | |
| | : | |
| **In re** | : | **Chapter 11** |
| | : | |
| **MILAGRO PRODUCING, LLC,** | : | **Case No. 15-11523 (____)** |
| | : | |
| Debtor. | : | |
| | : | |
| **Employer Tax I.D. No. 26-1309330** | : | |
| ------------------------------------------------------------x | | |

```
---------------------------------------------------------------x
                                              :  **Chapter 11**
**In re**                                     :
                                              :  **Case No. 15-11524 (____)**
**MILAGRO MID-CONTINENT, LLC,**               :
                                              :
         **Debtor.**                          :
                                              :
**Employer Tax I.D. No. 27-3168804**          :
---------------------------------------------------------------x
                                              :
**In re**                                     :  **Chapter 11**
                                              :
**MILAGRO RESOURCES, LLC,**                   :  **Case No. 15-11525 (____)**
                                              :
         **Debtor.**¹                         :
                                              :
**Employer Tax I.D. No. 27-2326134**          :
---------------------------------------------------------------x
```

**DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' RELATED CHAPTER 11 CASES**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby move (the "Motion") for entry of an order substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), directing the joint administration of the Debtors' related chapter 11 cases and the consolidation thereof for procedural purposes only. In support of the Motion, the Debtors submit the *Declaration of Scott W. Winn in Support of Chapter 11 Petitions and First Day Relief* (the "First Day Declaration") filed contemporaneously herewith, and respectfully submit as follows:

---

[1] The Debtors' mailing address is 1301 McKinney Street, Suite 500, Houston, Texas 77010.

**Jurisdiction**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are sections 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1015-1.

**Background**

3. On July 15, 2015 (the "Petition Date"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). No trustee, examiner or creditors' committee has been appointed in the Chapter 11 Cases. The Debtors are operating their respective businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Debtors are independent energy companies based in Houston, Texas engaged in the acquisition, development, exploration, and production of oil and natural gas. The Debtors' historic geographic focus has been along the onshore Gulf Coast area, primarily in Texas, Louisiana, and Mississippi. The Debtors operate a significant portfolio of oil and natural gas producing properties and mineral interests in this region and have expanded their footprint through the acquisition and development of additional producing or prospective properties in North Texas and Western Oklahoma. In addition, the Debtors own certain non-operated working interests in leases located on the Outer Continental Shelf in the Gulf of Mexico. The Debtors own an interest in approximately 4,690 oil and gas leases, substantially all of which are

subject to or burdened by royalty interests, overriding royalty interests, third party working and non-working interests, or a sub-set or combination thereof.

5. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the First Day Declaration.

6. Prior to the Petition Date, the Debtors entered into a Restructuring Support Agreement with their first-lien secured lenders, certain holders of their second-lien secured notes, certain of their equity holders, and White Oak Resources VI, LLC ("White Oak"), pursuant to which the Debtors would seek to consummate a restructuring transaction under a chapter 11 plan. The proposed transaction would consist of the contribution of certain of the Debtors' assets and the transfer of certain of the Debtors' liabilities to White Oak in exchange for cash consideration and equity interests in White Oak pursuant to the terms of that certain Contribution Agreement by and among the Debtors and White Oak dated as of July 15, 2015 (the "Contribution Agreement Transaction").

**Relief Requested**

7. By this Motion, the Debtors respectfully request the entry of an order directing joint administration of their related Chapter 11 Cases and the consolidation thereof for procedural purposes only, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1015-1.

8. Given the integrated nature of the Debtors' operations, joint administration of the Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings and orders that will arise in the Chapter 11 Cases will affect each and every Debtor. The entry of an order directing joint administration of the Chapter 11 Cases will reduce fees and costs by avoiding duplicative

filings and objections.  Joint administration also will allow this Court, the Office of the United States Trustee for the District of Delaware (the "<u>United States Trustee</u>"), and all parties in interest to monitor the Chapter 11 Cases with greater ease.

9. Further, joint administration will not adversely affect the Debtors' respective constituencies, because this Motion requests only administrative, not substantive, consolidation of the Debtors' estates.  Parties in interest will not be harmed by the relief requested but, instead, will benefit from the cost reductions associated with the joint administration of the Chapter 11 Cases.

10. In order to administer the Chapter 11 Cases as efficiently as possible, such cases should be jointly administered, for procedural purposes only, under the case number assigned to Milagro Holdings, LLC, which is the ultimate parent company of each of the other Debtors.  The Debtors also request that the Clerk of the Court maintain one file and one docket for all of the jointly-administered Chapter 11 Cases, which file and docket shall be the file and docket for Milagro Holdings, LLC.

11. The Debtors further request that the Chapter 11 Cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

--------------------------------------------------------------x
:
**In re**                                                     :    **Chapter 11**
                                                              :
**MILAGRO HOLDINGS, LLC**, *et al.*,                          :    **Case No. 15-11520 (____)**
                                                              :
        **Debtors.**[1]                 :    **Jointly Administered**
                                                              :
--------------------------------------------------------------x

1. The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Milagro Holdings, LLC (7232); Milagro Oil & Gas, Inc. (7173); Milagro Exploration, LLC (9260);

Milagro Producing, LLC (9330); Milagro Mid-Continent, LLC (8804); and Milagro Resources, LLC (6134). The Debtors' mailing address is 1301 McKinney Street, Suite 500, Houston, Texas 77010.

12. In addition, the Debtors request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Milagro Holdings, LLC to reflect the joint administration of the Chapter 11 Cases:

> An order has been entered in this case directing the consolidation and joint administration for procedural purposes only of the chapter 11 cases of Milagro Holdings, LLC; Milagro Oil & Gas, Inc.; Milagro Exploration, LLC; Milagro Producing, LLC; Milagro Mid-Continent, LLC; and Milagro Resources, LLC, and all subsequently filed chapter 11 cases of such debtors' affiliates. The docket in the chapter 11 case of Milagro Holdings, LLC, Case No. 15-11520 (___), should be consulted for all matters affecting this case.

### **Basis For Relief**

13. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the Court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize this Court to grant the relief requested herein.

14. In addition, Local Rule 1015-1 provides as follows:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

15. Section 105(a) of the Bankruptcy Code also provides this Court with the power to grant the relief requested herein by the Debtors. Section 105(a) of the Bankruptcy Code states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

16. As discussed above, the joint administration of the Chapter 11 Cases will not adversely affect the Debtors' respective creditors because this Motion requests only administrative, and not substantive, consolidation of the estates. Thus, individual creditors' rights will not be harmed by the relief requested; rather, the constituents will benefit from the cost reductions associated with the joint administration of the Chapter 11 Cases.

17. Accordingly, the Debtors submit that the joint administration of the Chapter 11 Cases is in the best interests of the Debtors, their estates, their creditors and all other parties in interest. For all of the foregoing reasons, the Debtors respectfully request the immediate entry of an order providing for the joint administration of the Chapter 11 Cases.

**Notice**

18. Notice of this Motion shall be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to TPG Specialty Lending, Inc., the administrative agent under the Debtors' pre-petition secured credit facility and proposed DIP Agent; (iii) counsel to the Initial Consenting Noteholders; (iv) those parties listed on the list of creditors holding the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis), as identified in their chapter 11 petitions; (v) the Internal Revenue Service; (vi) the United States Attorney for the District of Delaware; (vii) the Securities and Exchange Commission; and (viii) the Debtors' cash management banks. As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies

of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## Conclusion

WHEREFORE, the Debtors respectfully request that the Court (i) enter the Proposed Order directing the joint administration of the Chapter 11 Cases and (ii) grant such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: July 15, 2015<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ M. Blake Cleary*<br>M. Blake Cleary (No. 3614)<br>Joel A. Waite (No. 2925)<br>Ryan M. Bartley (No. 4985)<br>Ian J. Bambrick (No. 5455)<br>1000 N. King Street<br>Rodney Square<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br><br>-and-<br><br>John F. Higgins<br>Eric M. English<br>PORTER HEDGES LLP<br>1000 Main Street, 36th Floor<br>Houston, TX 77002<br>Telephone: (713) 226-6687<br>Facsimile: (713) 226-6287<br><br>*Proposed Counsel for the Debtors and Debtors in Possession* |

## **EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------x
                                                       :   Chapter 11
In re                                                  :
                                                       :   Case No. 15-11520 (____)
MILAGRO HOLDINGS, LLC,                                 :
                                                       :
         Debtor.                                       :
                                                       :
Employer Tax I.D. No. 26-1307232                       :
-------------------------------------------------------x
                                                       :
In re                                                  :
                                                       :   Chapter 11
MILAGRO OIL & GAS, INC.,                               :
                                                       :   Case No. 15-11521 (____)
         Debtor.                                       :
                                                       :
Employer Tax I.D. No. 26-1307173                       :
-------------------------------------------------------x
                                                       :
In re                                                  :   Chapter 11
                                                       :
MILAGRO EXPLORATION, LLC,                              :   Case No. 15-11522 (____)
                                                       :
         Debtor.                                       :
                                                       :
Employer Tax I.D. No. 26-1309260                       :
-------------------------------------------------------x
                                                       :
In re                                                  :   Chapter 11
                                                       :
MILAGRO PRODUCING, LLC,                                :   Case No. 15-11523 (____)
                                                       :
         Debtor.                                       :
                                                       :
Employer Tax I.D. No. 26-1309330                       :
-------------------------------------------------------x
```

```
-------------------------------------------------------------x
                                                             :    Chapter 11
In re                                                        :
                                                             :    Case No. 15-11524 (____)
MILAGRO MID-CONTINENT, LLC,                                  :
                                                             :
        Debtor.                                              :
                                                             :
Employer Tax I.D. No. 27-3168804                             :
-------------------------------------------------------------x
                                                             :
In re                                                        :    Chapter 11
                                                             :
MILAGRO RESOURCES, LLC,                                      :    Case No. 15-11525 (____)
                                                             :
        Debtor.¹                                             :
                                                             :    Docket Ref. No. ____
Employer Tax I.D. No. 27-2326134                             :
-------------------------------------------------------------x
```

**ORDER DIRECTING JOINT ADMINISTRATION OF
THE DEBTORS' RELATED CHAPTER 11 CASES**

Upon consideration of the motion (the "Motion")² of the Debtors for the entry of an order, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Rule 1015-1, directing the joint administration of the Chapter 11 Cases; and upon consideration of the First Day Declaration; and the Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and venue of the Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and proper and adequate notice of the Motion, the hearing thereon, and opportunity for objection having been given; and the relief requested in the Motion being in the best interests of the Debtors and their

---

1   The Debtors' mailing address is 1301 McKinney Street, Suite 500, Houston, Texas 77010.

2   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

- 2 -

estates and creditors; and the Court having heard evidence and statements of counsel regarding the Motion and having determined that the legal and factual bases set forth in the Motion and attested to in the First Day Declaration establish just cause for the relief granted herein; and the Court having determined that immediate relief is necessary to avoid irreparable harm; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Motion is GRANTED to the extent set forth herein.

2. The Chapter 11 Cases shall be jointly administered and consolidated for procedural purposes only.

3. The Clerk of the Court shall maintain one file and one docket for the Chapter 11 Cases, which file and docket shall be the file and docket for the chapter 11 case of Milagro Holdings, LLC, Case No. 15–11520 (   ).

4. The consolidated caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ------------------------------------------------------------x | : | |
| **In re** | : | **Chapter 11** |
| | : | |
| **MILAGRO HOLDINGS, LLC,** *et al.*, | : | **Case No. 15-11520 (____)** |
| | : | |
| Debtors.[1] | : | **Jointly Administered** |
| | : | |
| ------------------------------------------------------------x | | |

1. The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Milagro Holdings, LLC (7232); Milagro Oil & Gas, Inc. (7173); Milagro Exploration, LLC (9260); Milagro Producing, LLC (9330); Milagro Mid-Continent, LLC (8804); and Milagro Resources, LLC (6134). The Debtors' mailing address is 1301 McKinney Street, Suite 500, Houston, Texas 77010.

5. The Clerk of the Court shall make a docket entry in each of the Chapter 11 Cases other than Milagro Holdings, LLC substantially as follows:

- 3 -

An order has been entered in this case directing the consolidation and joint administration for procedural purposes only of the chapter 11 cases of Milagro Holdings, LLC; Milagro Oil & Gas, Inc.; Milagro Exploration, LLC; Milagro Producing, LLC; Milagro Mid-Continent, LLC; and Milagro Resources, LLC, and all subsequently filed chapter 11 cases of such debtors' affiliates.  The docket in the chapter 11 case of Milagro Holdings, LLC, Case No. 15-11520 (___), should be consulted for all matters affecting this case.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any approved debtor-in-possession financing facility or any order regarding the use of cash collateral approved by this Court in the Chapter 11 Cases.

8. This Court shall retain jurisdiction over the Debtors and any party receiving payment from the Debtors pursuant to this Order with respect to any matters, claims, rights, or disputes arising from or related to the Motion, the implementation of this Order, or the validity of any of claims against the Debtors or payment made pursuant to this Order.

Dated: July ___, 2015
       Wilmington, Delaware

                                              _____
                                              UNITED STATES BANKRUPTCY JUDGE