IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------x
:
In re                                     :    Chapter 11
:
MILAGRO HOLDINGS, LLC, *et al.*,          :    Case No. 15-11520 (KG)
:
Debtors.[1]                               :    Jointly Administered
:
:    Ref. Docket Nos. 31 & 107
:
---------------------------------------------------x

### ORDER AUTHORIZING THE DEBTORS
### TO ASSUME THE RESTRUCTURING SUPPORT AGREEMENT

Upon consideration of the motion (the "Motion")[2] of the Debtors for entry of an order, pursuant to sections 105(a), 362, 363(b) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, authorizing the Debtors to assume the Restructuring Support Agreement and perform their obligations thereunder, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Motion and opportunity for objection having been given under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Milagro Holdings, LLC (7232); Milagro Oil & Gas, Inc. (7173); Milagro Exploration, LLC (9260); Milagro Producing, LLC (9330); Milagro Mid-Continent, LLC (8804); and Milagro Resources, LLC (6134). The Debtors' mailing address is 1301 McKinney Street, Suite 500, Houston, Texas 77010.

[2] All capitalized terms used herein shall have the meaning ascribed to them in the Motion.

01:17295975.9

cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and any objections to the Motion having been withdrawn or overruled on the merits; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The Debtors are authorized to assume the Restructuring Support Agreement in its entirety, and, effective as of the date of entry of this order, the Restructuring Support Agreement is hereby assumed pursuant to section 365(a) of the Bankruptcy Code.

3. The Restructuring Support Agreement shall be binding and enforceable against the Parties in accordance with its terms.

4. The failure to describe specifically or include any particular provision of the Restructuring Support Agreement in the Motion or this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Restructuring Support Agreement be assumed by the Debtors in their entirety.

5. The Debtors are authorized to pay the Transaction Expenses as set forth in the Restructuring Support Agreement subject to the fee review procedures set forth in Paragraph 5(a) and (b) below.

   a. The payment of the Transaction Expenses shall be made within ten (10) days after the receipt by the Debtors and the U.S. Trustee (the "Review Period") of invoices thereof (the "Invoiced Fees") (subject in all respects to applicable privilege or work product doctrines), including a summary description of the services provided and the expenses incurred by the applicable professional arising before or after the Petition Date, as applicable; provided, however, that any such invoice (i) may be redacted to protect privileged, confidential, or proprietary information and (ii) shall not be required to contain individual time detail.

b. The Debtors and the U.S. Trustee may preserve their right to dispute the reasonableness of any portion of the Invoiced Fees (the "Disputed Invoiced Fees") if, within the Review Period, the Debtors or the U.S. Trustee files with the Court a motion or other pleading, on at least ten (10) calendar days' prior written notice to the professional whose Transaction Expenses are implicated of any hearing on such motion or other pleading, which must contain a specific basis for the objection to the Disputed Invoiced Fees and quantification of the undisputed amount of the fees and expenses invoiced. The Debtors' payment of the Invoiced Fees (including any Disputed Invoiced Fees) shall not be delayed based on any objections thereto, and the relevant professional shall only be required to disgorge amounts objected to upon being "so ordered" pursuant to a final non-appealable order of this Court. Failure to object with specificity or to quantify the undisputed amount of the invoice subject to such objection will constitute a waiver of any objection to such invoice. None of the Invoiced Fees shall be subject to Court approval or required to be maintained in any specific format, and no recipient of any payment on account thereof shall be required to file with respect thereto any interim or final fee application with the Court.

6. The Debtors are authorized to enter into amendments to the Restructuring Support Agreement from time to time subject to the terms and conditions set forth in the Restructuring Support Agreement, as necessary, and without further order of the Court. Within two business days of the effective date of each such amendment, the Debtors will file a notice attaching a copy of any such amendments with the Court.

7. To the extent that the automatic stay provisions of section 362 of the Bankruptcy Code would otherwise apply, such provisions are modified to effectuate all of the terms and provisions of the Restructuring Support Agreement and this order, including permitting the Parties to exercise all rights and remedies under the Restructuring Support Agreement in accordance with its terms, and deliver any notice contemplated thereunder, in each case, without further order of the Court.

8. No default exists under the Restructuring Support Agreement, and, therefore, the Debtors are not required to satisfy the requirements of section 365(b)(1). Accordingly, the

Debtors are not required to: (a) cure, or provide adequate assurance that the Debtors will promptly cure, any defaults under the Restructuring Support Agreement; (b) compensate, or provide adequate assurance that the Debtors will promptly compensate, the Parties for any actual pecuniary loss resulting from any default; or (c) provide adequate assurance of future performance of the Restructuring Support Agreement.

9. Notwithstanding any applicability of Bankruptcy Rule 6006(d), the terms and conditions of this order shall be immediately effective and enforceable upon entry of this order.

10. The requirements of Bankruptcy Rule 6004(a) and 6004(h) are hereby waived with respect to this order.

11. The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this order, and such action shall not constitute a solicitation of acceptances or rejections of a plan pursuant to section 1125 of the Bankruptcy Code.

12. Nothing herein shall act as an approval of any disclosure statement, plan or a finding of fact or conclusion of law in connection therewith.

13. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this order.

Dated: August 17, 2015
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

01:17295975.9