## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------x
                                    :
In re                               :    Chapter 11
                                    :
MILAGRO HOLDINGS, LLC, et al.,      :    Case No. 15-11520 (KG)
                                    :
        Debtors.¹                   :    Jointly Administered
                                    :
                                    :
                                    :    Ref. Docket Nos. 64, 65, 93, 103, 172 & 183
-----------------------------------x
```

## ORDER: (A) APPROVING DISCLOSURE STATEMENT AND NOTICE THEREOF; (B) FIXING VOTING RECORD DATE; (C) APPROVING SOLICITATION MATERIALS AND PROCEDURES FOR DISTRIBUTION THEREOF; (D) APPROVING FORMS OF BALLOTS AND ESTABLISHING PROCEDURES FOR VOTING ON PLAN TABULATING VOTES; (E) SCHEDULING HEARING AND APPROVING NOTICE AND PROCEDURES FOR FILING OBJECTIONS TO (I) CONFIRMATION OF THE PLAN, AND (II) PROPOSED CURE COSTS AND ASSUMPTION OF CONTRACTS AND LEASES THAT MAY BE ASSUMED UNDER THE PLAN; AND (F) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")² of the Debtors for entry of an

order, pursuant to sections 105, 502, 1125, 1126 and 1128 of the Bankruptcy Code, Bankruptcy

Rules 2002, 3001, 3003, 3017, 3018, 3020 and 9006 and Local Rule 3017-1: (a) approving the

*Disclosure Statement for Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the*

*Bankruptcy Code* (as amended, modified, and/or supplemented, including by Docket Nos. 93 &

172, the "Disclosure Statement") and notice thereof; (b) fixing a voting record date for purposes

of determining which holders of Claims against the Debtors are entitled to vote on the *Debtors'*

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Milagro Holdings, LLC (7232); Milagro Oil & Gas, Inc. (7173); Milagro Exploration, LLC (9260); Milagro Producing, LLC (9330); Milagro Mid-Continent, LLC (8804); and Milagro Resources, LLC (6134). The Debtors' mailing address is 1301 McKinney Street, Suite 500, Houston, Texas 77010.

² Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the Plan, as applicable.

01:17357927.8

*Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, modified, and/or supplemented, including by Docket No. 172, the "Plan"); (c) approving solicitation materials and procedures for distribution of the Disclosure Statement and the Plan; (d) approving form of Ballot and Master Ballot and establishing procedures for voting on the Plan and tabulating votes with respect thereto; (e) scheduling a hearing and approving notice and procedures with respect to objecting to confirmation of the Plan and the proposed Cure Costs and assumption or assumption and assignment of the Proposed Assumed Contracts and Leases; and (f) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having filed with the Court the Disclosure Statement and the Plan; and the Court having reviewed the Disclosure Statement, the Motion, and the responses thereto, if any; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and sufficient notice of the Motion and the proposed hearing thereon (the "Disclosure Statement Hearing") having been given; and no other or further notice being necessary or required; and it appearing to the Court, based upon the full record of these cases, that the Motion should be granted; and after due deliberation, and sufficient cause appearing therefor,

**IT IS HEREBY FOUND THAT:**

A.     The Debtors have the full organizational authority to propose and prosecute the Plan and Disclosure Statement.

01:17357927.8

2

B.      Notice of the Motion, the Disclosure Statement and the Disclosure Statement Hearing was served, and such notice constitutes good and sufficient notice to all interested parties and no other or further notice need be provided.

C.      The period, set forth below, during which the Debtors may solicit acceptances to the Plan is a reasonable and adequate period of time under the circumstances for creditors entitled to vote to make an informed decision to accept or reject the Plan.

D.      The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in this Order below) provide for a fair and equitable voting process, and are consistent with section 1126 of the Bankruptcy Code.

E.      The notice substantially in the form annexed hereto as <u>Exhibit 1</u> (the "Confirmation Hearing Notice"), the notice substantially in the form annexed hereto as <u>Exhibit 3</u> (the "<u>Non-Voting Creditor Notice</u>"), the notice substantially in the form annexed hereto as <u>Exhibit 4</u> (the "<u>Publication Notice</u>"), the notice substantially in the form annexed hereto as <u>Exhibit 5</u> (the "<u>Cure Notice</u>"), and the procedures set forth below for providing such notices to creditors and equity security holders of the time, date, and place of the hearing to consider confirmation of the Plan (the "<u>Confirmation Hearing</u>"), and the contents of the Confirmation Hearing Notice and the Non-Voting Creditor Notice, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

F.      The form of Ballot and Master Ballot annexed hereto as <u>Exhibits 2A</u> and <u>2B</u> are sufficiently consistent with Official Form No. 14, adequately address the particular needs of these Chapter 11 Cases, and are appropriate for the Class of Claims that is entitled to vote to accept or reject the Plan.

NOW THEREFOR, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:**

1.     The Motion is GRANTED as set forth herein.

2.     The Disclosure Statement is approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code.

3.     **August 28, 2015** is established as the record date (the "Record Date") for purposes of determining which creditors are entitled to vote on the Plan.

4.     The Confirmation Hearing Notice, substantially in the form attached hereto as Exhibit 1, is approved.

5.     The Confirmation Hearing shall be held at **11:00 a.m. (prevailing Eastern Time) on October 8, 2015**; provided, however, that the Confirmation Hearing may be adjourned from time to time by the Court or the Debtors at any time prior to the commencement of the Confirmation Hearing solely by filing notice of such adjournment with the Court, including notice provided in any agenda required for the Confirmation Hearing.

6.     Objections to confirmation of the Plan, if any, shall (a) be in writing; (b) state the name and address of the objecting party; (c) state the amount and nature of the Claim or Equity Interest of such party; (d) state with particularity the basis and nature of any objection to the Plan; and (e) be filed, together with proof of service, with the Court and served so that they are received by the parties identified in the Confirmation Hearing Notice or the Non-Voting Creditor Notice no later than **4:00 p.m. (prevailing Eastern Time), on October 1, 2015** (the "Confirmation Objection Deadline"). Objections to confirmation of the Plan that are not timely filed and served in the manner set forth above shall not be considered by the Court and shall be overruled. The Debtors and any parties supporting confirmation of the Plan may file

replies to objections, if any, to confirmation and any other material in support of the Plan at any time prior to the deadline for filing the agenda for the Confirmation Hearing.

       7.    The following Cure Procedures are approved for establishing the Cure Costs for the Proposed Assumed Executory Contracts and Leases that may be assumed or assumed and assigned pursuant to the Plan:

    (a)    the Debtors shall cause the *Notice of (I) Possible Assumption or Assumption and Assignment of Executory Contracts and Unexpired Leases, (II) Fixing of Cure Costs, and (III) Deadline to Object Thereto* (the "Cure Notice"), in a form substantially similar to the form attached hereto as *Exhibit 5*, to be served on the non-Debtor parties to all executory contracts and unexpired leases that may be assumed or assumed and assigned as part of the Plan (the "Proposed Assumed Contracts and Leases") by September 10, 2015. Among other things, the Cure Notice shall set forth the amount that the Debtors believe must be paid in order to cure all monetary defaults under each of the Proposed Assumed Contracts and Leases and the assignee of such agreement, if any;

    (b)    the non-debtor parties to the Proposed Assumed Contracts and Leases shall have until **4:00 p.m. (prevailing Eastern Time) on the date that is fourteen days after service of the Cure Notice** (the "Cure Objection Deadline"), which deadline may be extended in the sole discretion of the Debtors, to object (each, a "Cure Objection") to the (i) Cure Costs listed by the Debtors in the Cure Notice and to propose alternative cure amounts; (ii) assumption or assumption and assignment of the relevant Proposed Assumed Contract or Lease under the Plan; and/or (iii) adequate assurance of future performance under the relevant Proposed Assumed Contract or Lease;

    (c)    the Debtors may file amended or supplemental Cure Notices at any time prior to the Confirmation Hearing. If the Debtors amend or supplement the Cure Notice or any related pleading that lists the Proposed Assumed Contracts and Leases to add a contract or lease or to reduce the cure amount thereof, except where such reduction was based upon the mutual agreement of the parties, the Cure Objection Deadline will be extended for each affected non-debtor party thereto until the date that is ten (10) calendar days after service of such amendment or supplement;

    (d)    if a Cure Objection is timely filed, the Debtors, in consultation and with the consent of White Oak, which consent shall not be unreasonably withheld, are authorized to settle such Cure Objection with the objecting party without further action or order of the Court;

(e)    if a Cure Objection is timely filed and the parties are unable to settle such Cure Objection, the Court shall determine the amount of any disputed Cure Cost(s) or objection to assumption, assumption and assignment and/or adequate assurance of future performance at a hearing to be held at the time of the Confirmation Hearing or such other hearing date to which the parties may mutually agree or as ordered by the Court. The Debtors may, in their sole discretion, extend the Cure Objection Deadline without further notice, but are not obligated to do so; and

(f)    in the event that no Cure Objection is timely filed with respect to a Proposed Assumed Contract or Lease by the Cure Objection Deadline, the counterparty to such Proposed Assumed Contract or Lease shall be deemed to have consented to the assumption or assumption and assignment of the Proposed Assumed Contract or Lease and the Cure Cost(s) proposed by the Debtors and shall be forever enjoined and barred from seeking any additional amount(s) on account of the Debtors' cure obligations under section 365 of the Bankruptcy Code or otherwise from the Debtors, their estates, the Reorganized Debtor or the relevant assignee. In addition, if no timely Cure Objection is filed with respect to a Proposed Assumed Contract or Lease, upon the Effective Date of the Plan, to the extent that the contract or lease is assumed or assumed and assigned under the Plan, the Reorganized Debtor or assignee and the counterparty to such Proposed Assumed Contract or Lease shall enjoy all of the rights and benefits under the Proposed Assumed Contract or Lease without the necessity of obtaining any party's written consent to the Debtors' assumption or assumption and assignment of the Proposed Assumed Contract or Lease, and such counterparty shall be deemed to have waived any right to object, consent, condition or otherwise restrict the Debtors' assumption or assumption and assignment of the Proposed Assumed Contract or Lease.

8.    The inclusion of a Proposed Assumed Contract or Lease in the Cure Notice is without prejudice to the Debtors' right to modify their election to assume, assume and assign or to reject such Proposed Assumed Contract or Lease prior to the entry of a final, non-appealable order (which order may be the order confirming the Plan) approving the assumption or assumption and assignment of any such Proposed Assumed Contract or Lease, and inclusion in the Cure Notice is not a final determination that any Proposed Assumed Contract or Lease shall, in fact, be assumed or assumed and assigned.

9.     The Debtors shall cause to be served, on or before the Solicitation Date, the Confirmation Hearing Notice on the Notice Parties.

10.     The Debtors shall publish the Publication Notice, the form of which as annexed hereto as Exhibit 4, is hereby approved, at least 28 days before the Confirmation Objection Deadline in the national edition of: (i) one of *The New York Times*, *The Wall Street Journal* or *USA Today*; and (ii) the *Houston Chronicle*. Additionally, the Debtors shall post the Confirmation Hearing Notice electronically on their case-dedicated website at http://cases.primeclerk.com/milagro.

11.     The Debtors, through Prime Clerk and the Nominees, shall cause to be mailed to holders of Claims entitled to vote on the Plan (the "Voting Parties"),[3] on or before the date that is two business days after entry of the order approving this Motion (the "Solicitation Date"), a solicitation package (the "Solicitation Package"), containing: (i) the Confirmation Hearing Notice, which shall set forth (a) this Court's approval of the Disclosure Statement, (b) the Voting Deadline with respect to the Plan, (c) the date and time of the Confirmation Hearing, and (d) the deadline and procedures for filing objections to confirmation of the Plan; (ii) a CD containing electronic versions, or paper copies, of this Order (without exhibits) and the Disclosure Statement (together with the Plan and other exhibits annexed thereto); and (iii) the appropriate Ballot to accept or reject the Plan and a postage prepaid, self-addressed, return envelope. The Master Ballot shall be delivered to the Nominees within seven (7) days of the Solicitation Date.

12.     The Solicitation Packages and the proposed manner of service thereof satisfy the requirements of Bankruptcy Rule 3017(d).

---

[3]    The Voting Parties are Holders of Claims in Class 4 (Notes Claims). As outlined in paragraphs 21-22 of this Order, the Nominees will be responsible for the distribution of Solicitation Packages to the Voting Parties.

13.     Pursuant to Bankruptcy Rule 3017(d), the Debtors are not required to transmit a Solicitation Package to the Non-Voting Parties. The Debtors shall mail, or cause to be mailed, a Non-Voting Creditor Notice and the Confirmation Hearing Notice to each Non-Voting Party on or before the Solicitation Date.

14.     The Debtors shall cause to be served on or before the Solicitation Date, the Solicitation Packages, Confirmation Hearing Notices, and Non-Voting Creditor Notices, as applicable, to:

(a)     all persons or entities identified on the Debtors' schedules of assets of liabilities filed pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007 (as amended or modified prior to the Record Date, the "Schedules"), excluding scheduled Claims that have been (i) superseded by a filed proof of claim prior to the Record Date, (ii) disallowed or expunged, or (iii) paid in full, shall receive the following:

(i)     if they are entitled to vote to accept or reject the Plan, a Solicitation Package and a Confirmation Hearing Notice, or

(ii)    if they are not entitled to vote to accept or reject the Plan, a Non-Voting Creditor Notice and a Confirmation Hearing Notice;

(b)     with respect to holders of Claims in Class 4 (Notes Claims), Solicitation Packages to the Nominees, for subsequent distribution to beneficial owners of such Claims;

(c)     all parties who filed proofs of claim, as reflected on the official claims register maintained by the Claims and Voting Agent on the Record Date, and whose Claims have not been disallowed or expunged prior to the Solicitation Date, shall receive the following:

(i)     if they are entitled to vote to accept or reject the Plan, a Solicitation Package and a Confirmation Hearing Notice, or

(ii)    if they are not entitled to vote to accept or reject the Plan, a Non-Voting Creditor Notice and a Confirmation Hearing Notice;

(d)     the assignee of a transferred and assigned Claim (whether a filed Claim or a Claim included on the Schedules) if the transfer and assignment has been noted on the Court's docket and is effective pursuant to Bankruptcy Rule 3001(e) on the Record Date, shall receive the following:

(i)     if they are entitled to vote to accept or reject the Plan, a Solicitation Package and a Confirmation Hearing Notice, or

(ii)    if they are not entitled to vote to accept or reject the Plan, a Non-Voting Creditor Notice and a Confirmation Hearing Notice;

(e)     all known equity holders of the Debtors, shall receive a Non-Voting Creditor Notice and a Confirmation Hearing Notice;

(f)     The Notice Parties, as well as all creditors and applicable federal and state regulatory authorities, shall receive the Confirmation Hearing Notice, and if any such parties described in this subsection (e) are entitled to vote, such parties shall also receive a Solicitation Package.

15.     The Debtors will mail, or cause to be mailed, the Confirmation Hearing Notice to all of the known non-Debtor counterparties to each of the Potential Assumed Contracts and Leases.

16.     With respect to addresses from which one or more prior notices served in these cases were returned as undeliverable and with respect to which the Debtors have not timely received corrected address information, the Debtors are excused from distributing Solicitation Packages, Confirmation Hearing Notices, and Non-Voting Creditor Notices, as applicable, to those entities listed at such addresses if the Debtors are unable to obtain accurate addresses for such entities before the Solicitation Date.

17.     The Debtors are excused from re-distributing Solicitation Packages, the Confirmation Hearing Notice, and Non-Voting Creditor Notices that are returned as undeliverable.

18.     The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Confirmation Hearing Notice, the Non-Voting Creditor Notice, the Publication Notice, the Cure Notice, and related documents without further order of the Court, including, without limitation, ministerial changes to correct typographical and

01:17357927.8

grammatical errors, and to make conforming changes among the Disclosure Statement, the Plan and any other materials in the Solicitation Packages prior to mailing.

19.     **October 1, 2015 at 5:00 p.m. (prevailing Eastern Time)** is established as the voting deadline (the "Voting Deadline") for purposes of this Order and solicitation of votes with respect to the Plan.

20.     The Ballot and Master Ballot, substantially in the forms attached hereto as Exhibits 2A and 2B are approved.

21.     As promptly as possible following its receipt of the Solicitation Packages from the Debtors or the Claims and Voting Agent, each Nominee shall distribute such Solicitation Packages to the Beneficial Owners of the Notes, as of the Record Date. Each Nominee shall be authorized to distribute the Solicitation Packages, as appropriate, and obtain votes to accept or reject the Plan in accordance with their customary practices. If it is the Nominee's customary and accepted practice to submit a "voting instruction form" to the Beneficial Owners for purpose of recording the Beneficial Owner's vote, the Nominee is authorized to send the voting information form; provided, however, that the Nominee also distribute the Ballot form approved by this Order. Each Nominee shall instruct the Beneficial Owners to complete their Ballots and return such Ballots to the Nominee on or before the date calculated by such Nominee (the "Nominee Ballot Deadline") to process Ballots returned to the Nominee and tabulate the Ballots on the Master Ballot in accordance with the procedures set forth in paragraph 24 of this Order. Alternatively, the Nominees may distribute the Solicitation Packages to the Beneficial Owners with a pre-validated Ballot. A Nominee pre-validates a Ballot by signing the applicable Ballot and indicating (i) the Nominee's DTC Participant Number, (ii) the account number of the Beneficial Owner, and (iii) the amount of the Notes held

01:17357927.8

10

by the Nominee for such Beneficial Owner. The Nominee shall direct the Beneficial Owner to complete the additional information requested in the Ballot, review the certifications contained therein, and return the Ballot directly to the Claims and Voting Agent in the pre-addressed, postage-paid envelope included with the Solicitation Package so that the Ballot is actually received by the Claims and Voting Agent on or before the Voting Deadline.

22.     The Nominees must retain a copy of each original Ballot that it receives for one year following submission of the Master Ballot. A list of the Beneficial Owners to whom a Nominee sent "pre-validated" Ballots shall be maintained by the Nominee for inspection for at least one year following the Voting Deadline.

23.     The Debtors are authorized to reimburse Nominees for their reasonable, actual and necessary out-of-pocket expenses incurred in performing the tasks described above upon written request by such Nominees.

24.     The following procedures and general assumptions shall be used by the Nominees in tabulating the Ballots for purposes of compiling the Master Ballots and the Voting and Claims Agent in the event of receipt of pre-validated Ballots directly from Beneficial Owners:

(a)     For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular class shall be aggregated as if such creditor held one claim against the Debtors in such class, and the votes related to such claims shall be treated as a single vote to accept or reject the Plan.

(b)     Creditors must vote all of their claims within a particular class either to accept or reject the Plan and may not split their vote. Accordingly, an individual ballot with respect to multiple claims within a single class that partially rejects and partially accepts the Plan shall not be counted.

(c)     Ballots that fail to indicate an acceptance or rejection of the Plan or that indicate both acceptance and rejection of the Plan, but which are otherwise properly executed and received prior to the Voting Deadline, if pre-

validated, or the Nominee Ballot Deadline, if not pre-validated, shall not be counted.

(d)    Except as expressly provided for herein, only ballots that are timely received with original signatures shall be counted. Unsigned ballots or ballots with non-original signatures shall not be counted.

(e)    Ballots postmarked prior to the Voting Deadline, if pre-validated, or the Nominee Ballot Deadline, if not pre-validated, but received after the relevant deadline, as applicable, shall not be counted.

(f)    Ballots which are illegible, or contain insufficient information to permit the identification of the creditor, shall not be counted.

(g)    Whenever a creditor casts more than one ballot voting the same claim prior to the Voting Deadline, if pre-validated, or the Nominee Ballot Deadline, if not pre-validated, the last valid ballot received prior to the relevant deadline shall be deemed to reflect the voter's intent and supersede any prior ballots.

(h)    If a creditor simultaneously casts inconsistent duplicate ballots with respect to the same claim, such ballots shall not be counted.

(i)    Each creditor shall be deemed to have voted the full amount of its claim.

(j)    Unless otherwise ordered by the Court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of ballots shall be determined by the Claims and Voting Agent and the Debtors, which determination shall be final and binding.

(k)    Any Ballot containing a vote that this Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code shall not be counted.

(l)    Any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan shall not be counted.

(m)    Except in the Debtors' sole discretion or as expressly provided herein, any Ballot transmitted to the Claims and Voting Agent by facsimile or other electronic means shall not be counted.

(n)    Notwithstanding anything contained herein to the contrary, the Claims and Voting Agent, in its discretion, may contact parties that submitted Ballots to cure any defects in the Ballots.

(o)     Any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, if pre-validated, or the Nominee Voting Deadline, if not pre-validated. Neither the Debtors nor any other person or entity shall be under any duty to provide notification of defects or irregularities with respect to deliveries of ballots, nor shall any incur any liabilities for failure to provide such notification. Unless otherwise directed by the Court, delivery of such ballots shall not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) shall not be counted. Notwithstanding the foregoing, the Debtors may waive any defect either before or after the Voting Deadline; provided, however, that such waiver shall be disclosed in the voting results (the "Voting Declaration"), which shall be filed with the Court before the agenda to be filed for the Confirmation Hearing.

(p)     The Debtors, in their discretion, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting and without notice. Except as provided below, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors may reject such Ballot as invalid, and therefore, decline to utilize it in connection with confirmation of the Plan by the Court; provided, however, that such invalid Ballots shall be documented in the Voting Declaration.

(q)     Subject to contrary order of the Court, the Debtors reserve the absolute right to reject any and all Ballots not proper in form, the acceptance of which would, in the opinion of the Debtors, not be in accordance with the provisions of the Bankruptcy Code; provided, however, that such invalid Ballots shall be documented in the Voting Declaration.

25.     Broadridge Financial Solutions (proxy agent to most Nominees) shall be permitted to return its Master Ballot to the Claims and Voting Agent via electronic mail.

26.     The following additional procedures shall be followed with respect to tabulating the Master Ballots submitted by the Nominees, and the tabulation of votes cast:

(a)     votes cast by Holders of Notes Claims through Nominees will be applied to the applicable positions held by such Nominees as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Nominee shall not be counted in excess of the amount of public securities held by such Nominee as of the Record Date;

(b)     if conflicting votes or "over-votes" are submitted by a Nominee, the Claims and Voting Agent shall use reasonable efforts to reconcile discrepancies with the Nominee;

01:17357927.8

13

(c)     if over-votes are submitted by a Nominee which are not reconciled prior to the preparation of the certification of vote results, the votes to accept and to reject the Plan shall be applied in the same proportion as the votes to accept and to reject the Plan submitted by the Nominee, but only to the extent of the Nominee's Record Date position in the public securities;

(d)     for the purposes of tabulating votes, each beneficial holder shall be deemed (regardless of whether such holder includes interest in the amount voted on its Ballot) to have voted only the principal amount of its public securities; any principal amounts thus voted may be thereafter adjusted by the Claims and Voting Agent, on a proportionate basis to reflect the corresponding claim amount, including any accrued but unpaid prepetition interest, with respect to the securities thus voted; and

(e)     a single Nominee may complete and deliver to the Claims and Voting Agent multiple Master Ballots. Votes reflected on multiple Master Ballots shall be counted except to the extent that they are duplicative of other Master Ballots. If two or more Master Ballots are inconsistent, the last properly completed Master Ballot received prior to the Voting Deadline shall, to the extent of such inconsistency, supersede any prior received Master Ballot.

27.     In accordance with section 1125(e) of the Bankruptcy Code, to the fullest extent permitted by law, none of the Debtors (including each of their respective directors, officers, employees, shareholders, members, partners, agents, or representatives (including attorneys, accountants, financial advisors, and investment bankers), each solely in their capacity as such) shall have any liability on account of soliciting votes on the Plan or participating in such solicitation, for violation of any applicable law, rule, or regulation governing solicitation of acceptance or rejection of a plan or the offer, issuance, sale, or purchase of securities.

28.     The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court, including, but not limited to, the making of any payments reasonably necessary to perform the actions and distributions contemplated herein.

29.    This Court shall retain jurisdiction with respect to all matters related to this Order.

Dated: September ,2015
       Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

01:17357927.8