# Exhibit 1

**Confirmation Hearing Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
                                                           :
In re                                                      :   Chapter 11
                                                           :
MILAGRO HOLDINGS, LLC, *et al.*,                           :   Case No. 15-11520 (KG)
                                                           :
          Debtors.[1]                                      :   Jointly Administered
                                                           :
                                                           :   Voting Deadline: October 1, 2015, at 5:00 p.m. (ET)
                                                           :   Hearing Date: October 8, 2015, at 11:00 a.m. (ET)
                                                           :   Objection Deadline: October 1, 2015, at 4:00 p.m. (ET)
---------------------------------------------------------- x

NOTICE OF (I) APPROVAL OF DISCLOSURE
STATEMENT, (II) ESTABLISHMENT OF VOTING RECORD DATE,
(III) HEARING ON CONFIRMATION OF THE PLAN AND PROCEDURES
FOR OBJECTING TO CONFIRMATION OF THE PLAN, AND (V) PROCEDURES
AND DEADLINE FOR VOTING ON THE PLAN

PLEASE TAKE NOTICE OF THE FOLLOWING:

1. *Approval of Disclosure Statement.* By order dated September 1, 2015 (the "Disclosure Statement Order"), the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") approved the *Disclosure Statement for Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code*, dated July 22, 2015 [Docket No. 65] (as it may be amended, modified, and/or supplemented from time to time, the "Disclosure Statement"), filed by the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases"), and authorized the Debtors to solicit votes with respect to the approval or rejection of the *Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code*, dated July 22, 2015 [Docket No. 64] (as it may be amended, modified, and/or supplemented from time to time, the "Plan"),[2] which is attached as *Exhibit A* to the Disclosure Statement.

2. *Confirmation Hearing.* On **October 8, 2015, at 11:00 a.m. (prevailing Eastern Time)**, a hearing (the "Confirmation Hearing") will be held before the Honorable Kevin Gross, United States Bankruptcy Judge, at the Bankruptcy Court, 824 Market Street, 6th Floor, Courtroom 3, Wilmington, Delaware 19801 to consider confirmation of the Plan. The Confirmation Hearing may be adjourned from time to time by the Bankruptcy Court or by the Debtors at any time prior to the commencement of the Confirmation Hearing solely by filing notice of such adjournment with the Bankruptcy Court, including notice provided in any agenda required for the Confirmation Hearing. The Plan may be modified in accordance with the Bankruptcy Code, the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Milagro Holdings, LLC (7232); Milagro Oil & Gas, Inc. (7173); Milagro Exploration, LLC (9260); Milagro Producing, LLC (9330); Milagro Mid-Continent, LLC (8804); and Milagro Resources, LLC (6134). The Debtors' mailing address is 1301 McKinney Street, Suite 500, Houston, Texas 77010.

[2] All capitalized terms used but not otherwise defined shall have the meanings ascribed to such terms in the Plan or Disclosure Statement Order, as applicable.

Federal Rules of Bankruptcy Procedure, the Plan, and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing.

3. ***Entitlement to Vote on the Plan.*** In accordance with the terms of the Plan and the Bankruptcy Code, Claims in Class 4 (Notes Claims) are impaired by the Plan and will receive a distribution thereunder. Therefore, Holders of Claims in Class 4 (Notes Claims) are entitled to vote on the Plan.

4. ***Voting Record Date.*** The Record Date is August 28, 2015.

5. ***Voting Deadline.*** All Beneficial Owners of Notes must submit their Ballots to their relevant Nominee by the date determined by such Nominee. All Master Ballots setting forth votes to accept or reject the Plan must be actually received by the Debtors' claims and voting agent, Prime Clerk, LLC's (the "Claims and Voting Agent"), as noted on the Ballot and Master Ballot, by no later than **5:00 p.m. (prevailing Eastern Time) on October 1, 2015** (the "Voting Deadline") unless such time is extended. Any Beneficial Owner that received a pre-validated Ballot from its relevant Nominee must return its pre-validated Ballot directly to the Claims and Voting Agent by the Voting Deadline. Any failure to follow the voting instructions included with the Ballot and/or Master may disqualify a Ballot and/or Master Ballot the votes set forth therein.

6. ***Parties in Interest Not Entitled to Vote.*** All Holders of Unclassified Claims and Claims in Class 1 (Senior Debt Claim), Class 2 (Other Priority Claims), and Class 3 (Other Secured Claims) are unimpaired, deemed to accept the Plan and not entitled to vote. Holders of Claims in Class 5 (General Unsecured Claims) and Class 6 (Equity Interests) are impaired, not receiving distributions under the Plan, deemed to reject the Plan and not entitled to vote.

7. ***Deadline for Objections to Confirmation of the Plan.*** Objections, if any, to confirmation of the Plan, including any supporting memoranda of law, must (i) be in writing; (ii) state the name, address, and nature of the Claim or Equity Interest of the objecting or responding party; (iii) state with particularity the basis and nature of any objection or response; and (iv) be filed, together with proof of service, with the Court, and served so that objections and responses are actually received **no later than 4:00 p.m. (prevailing Eastern Time) on the Confirmation Objection Deadline, October 1, 2015,** by: (i) the Debtors: Milagro Holdings, LLC and its Affiliated Debtors, 1301 McKinney Street, Suite 500, Houston, Texas 77010, Attn: Scott Winn; (ii) Co-Counsel to the Debtors: Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: M. Blake Cleary, Esq. and Joel A. Waite, Esq.; and Porter Hedges LLP, 1000 Main Street, 36th Floor, Houston, Texas 77002, Attn: John F. Higgins, Esq. and Eric M. English, Esq.; and (iii) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Mark S. Kenney, Esq. Any objections not filed and served as set forth above will be deemed waived.

8. ***Additional Information.*** The Plan and Disclosure Statement, together with all exhibits thereto, may be obtained: (i) on Prime Clerk, LLC's (the "Claims and Voting Agent") website at http://cases.primeclerk.com/milagro; (ii) by telephoning the Claims and Voting Agent at 1-844-224-1138 (US) or 1-917-962-8388 (International); (iii) by emailing milagroballots@primeclerk.com; or (iv) making a request via first class or overnight mail to Milagro Ballot Processing c/o Prime Clerk LLC, 830 Third Avenue, 3rd Floor New York, New York 10022. Copies of the Disclosure Statement and the Plan are also available for inspection during regular business hours at the office of the Clerk of the United States Bankruptcy Court for the

2

District of Delaware, 3rd Floor, 824 N. Market Street, Wilmington, Delaware 19801. In addition, copies of the Disclosure Statement and the Plan may be obtained at the Court's website, http://www.deb.uscourts.gov, for a fee.

9. *Treatment of Each Class of Claims and Equity Interests Under the Plan.*

| Class | Claims and Equity Interests | Status | Voting Rights |
|---|---|---|---|
| 1 | Senior Debt Claims | Unimpaired | Not Entitled to Vote (Conclusively Presumed to Accept) |
| 2 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Conclusively Presumed to Accept) |
| 3 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Conclusively Presumed to Accept) |
| 4 | Notes Claims | Impaired | Entitled to Vote |
| 5 | General Unsecured Claims | Impaired – Not Receiving Any Distribution On Account of Such Claim | Not Entitled to Vote (Deemed to Reject) |
| 6 | Equity Interests | Impaired - Not Receiving Any Distribution On Account of Such Equity Interest | Not Entitled to Vote (Deemed to Reject) |

10. *Injunctions, Releases, and Exculpation.* Excerpted below are the injunction, release, and exculpation provisions set forth in the Plan:[3]

---

[3] As used herein and in the Plan, the term "Released Parties" means each of, and solely in its capacity as such, (i) the Debtors, (ii) White Oak, (iii) the Initial Equity Holders and the Additional Equity Holders (as defined in the Restructuring Support Agreement), (iv) the Secured Lenders, (v) Consenting Noteholders and any other Noteholder or Holders of Notes Claims who do not opt-out of the Third Party Release, (vi) the Second Lien Notes Trustee, (vii) the Administrative Agent, (viii) the Plan Release Consideration Recipients and (ix) each of the foregoing Entities' respective current and former officers, directors, members, employees, partners, managers, advisors, attorneys, financial advisors, investment bankers, accountants, and other professionals

3

**Debtor Release**

AS OF THE EFFECTIVE DATE, THE DEBTORS AND THE REORGANIZED DEBTOR, IN THEIR INDIVIDUAL CAPACITIES AND AS DEBTORS IN POSSESSION, AND THE ESTATES SHALL BE DEEMED TO FOREVER RELEASE AND WAIVE ALL CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION AND LIABILITIES, WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, THEN EXISTING OR THEREAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, WHICH ARE BASED IN WHOLE OR IN PART ON ANY ACT, OMISSION, TRANSACTION, EVENT OR OTHER OCCURRENCE TAKING PLACE THROUGH AND INCLUDING THE EFFECTIVE DATE IN ANY WAY RELATING TO THE DEBTORS, THE REORGANIZED DEBTOR, THE ESTATES, THE CHAPTER 11 CASES, THE CONTRIBUTION AGREEMENT, THIS PLAN, OR THE DISCLOSURE STATEMENT, AND THAT COULD HAVE BEEN ASSERTED BY OR ON BEHALF OF THE DEBTORS, OR THE REORGANIZED DEBTOR, WHETHER DIRECTLY, INDIRECTLY, DERIVATIVELY, OR IN ANY REPRESENTATIVE OR ANY OTHER CAPACITY AGAINST THE RELEASED PARTIES IN THEIR RESPECTIVE CAPACITIES AS SUCH; PROVIDED, HOWEVER, THAT IN NO EVENT SHALL ANYTHING IN THIS PLAN BE CONSTRUED AS A RELEASE OF ANY ENTITY'S FRAUD, WILLFUL MISCONDUCT OR GROSS NEGLIGENCE OR A RELEASE OR WAIVER OF THE DEBTORS' OR REORGANIZED DEBTOR'S RIGHT OR ABILITY TO ASSERT OR RAISE CERTAIN CLAIMS AGAINST ANY RELEASED PARTY AS A DEFENSE TO A CLAIM OR SUIT BROUGHT AGAINST THEM OR THEIR ASSETS BY ANY RELEASED PARTY; PROVIDED, FURTHER, THAT THIS RELEASE SHALL NOT APPLY TO OBLIGATIONS ARISING UNDER THIS PLAN, THE CONTRIBUTION AGREEMENT, THE BACKSTOP COMMITMENT LETTER, AND THE RESTRUCTURING SUPPORT AGREEMENT.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE DEBTOR RELEASE, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND, FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE DEBTOR RELEASE IS: (I) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (II) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE DEBTOR RELEASE; (III) IN THE BEST

---

and representatives, and each of their direct and indirect shareholders' and owners' respective officers, directors, members, employees, partners, managers, advisors, attorneys, financial advisors, investment bankers, accountants, and other professionals and representatives; and the term "Releasing Parties" means each of, and solely in its capacity as such, (i) the Debtors, (ii) the Reorganized Debtor, (iii) White Oak, (iv) the Equity Holders of the Debtors, (v) the Secured Lenders, (vi) Consenting Noteholders and any other Noteholder or Holders of Notes Claims who do not opt-out of the Third Party Release, (vii) the Second Lien Notes Trustee, (viii) the Administrative Agent, (ix) Plan Release Consideration Recipients, (x) the Initial Equity Holders and the Additional Equity Holders (as defined in the Restructuring Support Agreement), and (xi) with respect to the foregoing Entities, to the extent they could assert Claims on behalf of such Entities, such Entities' respective successors and assigns and current and former officers, directors, principals, members, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, equity holders, partners, and other professionals

01:17357967.7

INTERESTS OF THE DEBTORS' ESTATES AND ALL HOLDERS OF CLAIMS AND INTERESTS; (IV) FAIR, EQUITABLE, AND REASONABLE; (V) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (VI) A BAR TO ANY OF THE DEBTORS' ESTATES ASSERTING ANY CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THE DEBTOR RELEASE.

**Third Party Release**

ON THE EFFECTIVE DATE, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW AS DETERMINED BY THE BANKRUPTCY COURT, AS SUCH LAW MAY BE EXTENDED OR INTERPRETED SUBSEQUENT TO THE EFFECTIVE DATE, ALL RELEASING PARTIES, IN CONSIDERATION FOR THE OBLIGATIONS OF THE DEBTORS AND THE REORGANIZED DEBTOR UNDER THIS PLAN AND CONTRIBUTION AGREEMENT, AND OTHER CONTRACTS, INSTRUMENTS, RELEASES, AGREEMENTS, OR DOCUMENTS EXECUTED AND DELIVERED IN CONNECTION WITH THIS PLAN AND CONTRIBUTION AGREEMENT, WILL BE DEEMED TO FOREVER RELEASE AND WAIVE ALL CLAIMS, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION, OR LIABILITIES (OTHER THAN THE RIGHT TO ENFORCE THE OBLIGATIONS OF ANY PARTY UNDER THIS PLAN OR THE CONTRIBUTION AGREEMENT, AND THE CONTRACTS, INSTRUMENTS, RELEASES, AGREEMENTS, AND DOCUMENTS DELIVERED UNDER OR IN CONNECTION WITH THIS PLAN OR THE CONTRIBUTION AGREEMENT), INCLUDING, WITHOUT LIMITATION, ANY CLAIM FOR ANY SUCH LOSS SUCH RELEASING PARTY MAY SUFFER, HAVE SUFFERED, OR BE ALLEGED TO SUFFER AS A RESULT OF THE DEBTORS COMMENCING THE CHAPTER 11 CASES OR AS A RESULT OF THIS PLAN OR THE CONTRIBUTION AGREEMENT TRANSACTION BEING CONSUMMATED, WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, THEN EXISTING OR THEREAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE THAT ARE BASED IN WHOLE OR IN PART ON ANY ACT OR OMISSION, TRANSACTION, EVENT, OR OTHER OCCURRENCE FROM THE BEGINNING OF TIME THROUGH AND INCLUDING THE EFFECTIVE DATE IN ANY WAY RELATING TO THE DEBTORS, THE REORGANIZED DEBTOR, THE CHAPTER 11 CASES, THIS PLAN, OR THE DISCLOSURE STATEMENT AGAINST THE RELEASED PARTIES IN THEIR RESPECTIVE CAPACITIES AS SUCH. NOTWITHSTANDING THE FOREGOING, IN NO EVENT SHALL ANYTHING IN THIS PLAN BE CONSTRUED AS A RELEASE OF ANY ENTITY'S (OTHER THAN A DEBTOR'S) FRAUD, WILLFUL MISCONDUCT OR GROSS NEGLIGENCE. FURTHER, THIS RELEASE SHALL NOT APPLY TO OBLIGATIONS ARISING UNDER THE PLAN, THE CONTRIBUTION AGREEMENT, THE BACKSTOP COMMITMENT LETTER, AND THE RESTRUCTURING SUPPORT AGREEMENT.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THIS THIRD PARTY RELEASE BY RELEASING PARTIES, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND, FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS: (I) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASING PARTIES; (II) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (III) FAIR, EQUITABLE, AND REASONABLE; (IV) GIVEN AND MADE

● AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (V) A BAR TO ANY RELEASING PARTY ASSERTING ANY CLAIM RELEASED PURSUANT TO THIS THIRD PARTY RELEASE.

**Exculpation**

THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR ANY LIABILITY TO ANY ENTITY FOR ANY PREPETITION OR POST-PETITION ACT TAKEN OR OMITTED TO BE TAKEN IN CONNECTION WITH THE CHAPTER 11 CASES, OR RELATED TO FORMULATING, NEGOTIATING, SOLICITING, PREPARING, DISSEMINATING, CONFIRMING, OR IMPLEMENTING THIS PLAN OR CONSUMMATING THIS PLAN, THE DISCLOSURE STATEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THIS PLAN OR ANY OTHER PREPETITION OR POST-PETITION ACT TAKEN OR OMITTED TO BE TAKEN IN CONNECTION WITH OR IN CONTEMPLATION OF THE RESTRUCTURING OR LIQUIDATION OF THE DEBTORS; PROVIDED, THAT EACH EXCULPATED PARTY SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, THE PLAN OR ANY OTHER RELATED DOCUMENT, INSTRUMENT, OR AGREEMENT. WITHOUT LIMITING THE FOREGOING "EXCULPATION" PROVIDED UNDER THIS ARTICLE, THE RIGHTS OF ANY HOLDER OF A CLAIM OR EQUITY INTEREST TO ENFORCE RIGHTS ARISING UNDER THIS PLAN SHALL BE PRESERVED, INCLUDING THE RIGHT TO COMPEL PAYMENT OF DISTRIBUTIONS IN ACCORDANCE WITH THIS PLAN.

**Injunction**

● EXCEPT AS OTHERWISE PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION, OR LIABILITIES THAT: (I) ARE SUBJECT TO COMPROMISE AND SETTLEMENT PURSUANT TO THE TERMS OF THE PLAN; (II) HAVE BEEN RELEASED PURSUANT TO ARTICLE VIII.D OF THE PLAN; (III) HAVE BEEN RELEASED PURSUANT TO ARTICLE VIII.E OF THE PLAN; (IV) ARE SUBJECT TO EXCULPATION PURSUANT TO ARTICLE VIII.F OF THE PLAN; OR (V) ARE OTHERWISE STAYED OR TERMINATED PURSUANT TO THE TERMS OF THE PLAN, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND, INCLUDING ON ACCOUNT OF ANY CLAIMS, INTERESTS, CAUSES OF ACTIONS, OR LIABILITIES THAT HAVE BEEN COMPROMISED OR SETTLED AGAINST THE DEBTORS, THE REORGANIZED DEBTOR, OR ANY ENTITY SO RELEASED OR EXCULPATED (OR THE PROPERTY OR ESTATE OF ANY ENTITY, DIRECTLY OR INDIRECTLY, SO RELEASED OR EXCULPATED) ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED, SETTLED, COMPROMISED, OR EXCULPATED CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION, OR LIABILITIES; (B) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST THE DEBTORS, THE REORGANIZED DEBTOR, OR ANY ENTITY SO RELEASED OR EXCULPATED (OR THE PROPERTY OR ESTATE OF THE DEBTORS OR ANY ENTITY SO RELEASED OR EXCULPATED) ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH RELEASED, SETTLED, COMPROMISED, OR EXCULPATED CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION, OR

LIABILITIES; (C) CREATING, PERFECTING, OR ENFORCING ANY LIEN, CLAIM, OR ENCUMBRANCE OF ANY KIND AGAINST THE DEBTORS, THE REORGANIZED DEBTOR, OR ANY ENTITY SO RELEASED OR EXCULPATED (OR THE PROPERTY OR ESTATE OF THE DEBTORS OR ANY ENTITY SO RELEASED OR EXCULPATED) ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH RELEASED, SETTLED, COMPROMISED, OR EXCULPATED CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION, OR LIABILITIES; (D) ASSERTING ANY RIGHT OF SETOFF OR SUBROGATION OF ANY KIND AGAINST ANY OBLIGATION DUE FROM THE DEBTORS OR ANY ENTITY SO RELEASED OR EXCULPATED (OR THE PROPERTY OR ESTATE OF THE DEBTORS OR ANY ENTITY SO RELEASED OR EXCULPATED) ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH RELEASED, SETTLED, COMPROMISED, OR EXCULPATED CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION, OR LIABILITIES UNLESS SUCH ENTITY HAS TIMELY ASSERTED SUCH SETOFF OR SUBROGATION RIGHT PRIOR TO CONFIRMATION IN A DOCUMENT FILED WITH THE BANKRUPTCY COURT EXPLICITLY PRESERVING SUCH SETOFF OR SUBROGATION; AND (E) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST THE DEBTORS, THE REORGANIZED DEBTOR, OR ANY ENTITY SO RELEASED OR EXCULPATED (OR THE PROPERTY OR ESTATE OF THE DEBTORS OR ANY ENTITY SO RELEASED OR EXCULPATED) ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH RELEASED, SETTLED, COMPROMISED, OR EXCULPATED CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION, OR LIABILITIES RELEASED, SETTLED, OR COMPROMISED PURSUANT TO THIS PLAN; PROVIDED, THAT NOTHING CONTAINED IN THE PLAN SHALL PRECLUDE AN ENTITY FROM OBTAINING BENEFITS DIRECTLY AND EXPRESSLY PROVIDED TO SUCH ENTITY PURSUANT TO THE TERMS OF THE PLAN; PROVIDED, FURTHER, THAT NOTHING CONTAINED IN THE PLAN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW.

**Waiver of Statutory Limitations on Releases**

EACH RELEASING PARTY IN EACH OF THE RELEASES CONTAINED IN THE PLAN (INCLUDING UNDER THIS ARTICLE) EXPRESSLY ACKNOWLEDGES THAT, ALTHOUGH ORDINARILY A GENERAL RELEASE MAY NOT EXTEND TO CLAIMS WHICH THE RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR, WHICH IF KNOWN BY IT MAY HAVE MATERIALLY AFFECTED ITS SETTLEMENT WITH THE PARTY RELEASED, THEY HAVE CAREFULLY CONSIDERED AND TAKEN INTO ACCOUNT IN DETERMINING TO ENTER INTO THE ABOVE RELEASES THE POSSIBLE EXISTENCE OF SUCH UNKNOWN LOSSES OR CLAIMS. WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, EACH RELEASING PARTY EXPRESSLY WAIVES ANY AND ALL RIGHTS CONFERRED UPON IT BY ANY STATUTE OR RULE OF LAW WHICH PROVIDES THAT A RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CLAIMANT DOES NOT KNOW OR SUSPECT TO EXIST IN ITS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY IT MAY HAVE MATERIALLY AFFECTED ITS SETTLEMENT WITH THE RELEASED PARTY, INCLUDING THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542. THE RELEASES CONTAINED IN THIS ARTICLE ARE EFFECTIVE REGARDLESS OF WHETHER THOSE RELEASED MATTERS ARE PRESENTLY KNOWN, UNKNOWN, SUSPECTED OR UNSUSPECTED, FORESEEN OR UNFORESEEN. FOR THE

AVOIDANCE OF DOUBT, THE DEBTORS, HOLDERS OF CLAIMS OR EQUITY INTERESTS, AND RELEASING PARTIES, BEING MADE AWARE OF SECTION 1542 AND SIMILAR LAWS AND COMMON LAW PRINCIPLES, HEREBY ARE DEEMED TO HAVE EXPRESSLY WAIVED ANY RIGHTS THAT ANY OF THEM MIGHT HAVE OR ASSERT THEREUNDER, TO THE EXTENT THAT SUCH SECTION RELATES TO ANY OF THE CLAIMS RELEASED PURSUANT TO THIS ARTICLE.

**Setoffs**

Except as otherwise provided in this Plan, prior to the Effective Date, the Debtors, and on and after the Effective Date, the Reorganized Debtor, pursuant to the Bankruptcy Code (including sections 553 and 558 of the Bankruptcy Code), applicable non-bankruptcy law, or as may be agreed to by the Holder of a Claim, may set off against any Allowed Claim on account of any Proof of Claim or other pleading Filed with respect thereto prior to the Confirmation Hearing and the distributions to be made pursuant to this Plan on account of such Allowed Claim (before any distribution is made on account of such Allowed Claim), any claims, rights, and Causes of Action of any nature that the Debtors' Estates may hold against the Holder of such Allowed Claim, to the extent such claims, rights, or Causes of Action against such Holder have not been otherwise compromised or settled on or prior to the Effective Date (whether pursuant to this Plan or otherwise); provided, that neither the failure to effect such a setoff nor the allowance of any Claim pursuant to this Plan shall constitute a waiver or release by the Debtors or the Reorganized Debtor, as applicable, of any such claims, rights, and Causes of Action that the Debtors' Estates may possess against such Holder. In no event shall any Holder of Claims be entitled to set off any Claim against any claim, right, or Cause of Action of the Debtors' Estates unless such Holder has timely Filed a Proof of Claim with the Bankruptcy Court expressly preserving such setoff; provided, that nothing in this Plan shall prejudice or be deemed to have prejudiced the Debtors' or the Reorganized Debtor's right to assert that any Holder's setoff rights were required to have been asserted by motion or pleading filed with the Bankruptcy Court prior to the Effective Date.

8

Dated: {•}, 2015
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

---

M. Blake Cleary (No. 3614)
Joel A. Waite (No. 2925)
Ryan M. Bartley (No. 4985)
Ian J. Bambrick (No. 5455)
1000 N. King Street
Rodney Square
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

John F. Higgins
Eric M. English
PORTER HEDGES LLP
1000 Main Street, 36th Floor
Houston, TX 77002
Telephone: (713) 226-6687
Facsimile: (713) 226-6287

*Proposed Counsel for the Debtors and Debtors in Possession*

9